# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WARREN CHAN,

    Plaintiff,

v.

PAN WESTERN CORP., et al.,

    Defendants.

Case No. 2:10-CV-1317-KJD-PAL

**ORDER**

    Currently before the Court is Defendants' Motion to Strike (#11) pursuant to Rule 12(f). Plaintiff filed a Response in opposition (#12), to which Defendants filed a Reply (#13). The Court has considered the Motion, and good cause lacking, hereby denies the Motion.

**I. Legal Standard**

    Under Fed. R. Civ. P. 12(f) a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Matter is considered "immaterial" if it has no bearing on the controversy before the Court. In re TheMart.com, Inc. Sec. Litig., 114 F.Supp. 2d 955, 965 (C.D. Cal. 2000). Allegations are "impertinent" if they are not responsive to the issues that arise in the action and are inadmissible as evidence. Id. "Scandalous" matter has been described to include allegations that cast a cruelly derogatory light on a party or other person. Id. (citing Skadegaard v. Farrell, 578 F. Supp. 1209, 1221 (D.N.J. 1984).

1    A Rule 12(f) motion is considered a "drastic remedy" that is "generally disfavored" by federal
2 courts.  Nevada Fair Housing Center, Inc. v. Clark County, 565 F.Supp.2d 1178 (D. Nev. 2008)
3 (citing Germaine Music v. Universal Songs of Polygram, 275 F.Supp.2d 1288, 1300 (D.Nev. 2003);
4 See also  Bureerong v. Uvawas, 922 F.Supp. 1450, 1478 (C.D.Cal.1996) ("Rule 12(f) motions are
5 generally disfavored because they are often used as delaying tactics, and because of the limited
6 importance of pleadings in federal practice.") (citations omitted).
7    Despite its general disfavor, however, a district court's ruling on a motion to strike is
8 reviewed only for an abuse of discretion.  See Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.
9 397 F.3d 1217, 1224 n.4 (9th Cir. 2005).  This is because the essential function of a Rule 12(f)
10 motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues
11 by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th
12 Cir. 1993)(rev'd on other grounds Fogerty v. Fantasy, Inc. 510 U.S. 517 (1994)).
13    Here, Defendants seek that the Court strike Plaintiff's Complaint and attached Exhibits,
14 because said documents contain hearsay and information that was "illegally obtained" from Pan
15 Western and its employees through an "illegally record[ed] conversation."  (#11 at 2–3.)  Defendants
16 aver that the attachments and references at issue are prejudicial to them as a public record, because
17 "[p]leadings are much more accessible to be viewed by the general public—even more than they
18 were 12 years ago."  (#13 at 4.)
19    The Court finds that Defendants have failed to meet their burden under Rule 12(f).  Here,
20 Plaintiff is not introducing any documents as evidence simply by attaching them to the complaint.
21 Defendants will not suffer any prejudice by the attachments of documents to the pleadings, as
22 Defendants retain the right to object to any attempt Plaintiff may make to introduce said exhibits as
23 evidence at trial or as support for a summary judgment motion.  See Advanced Commercial
24 Contracting, Inc. v. Certain Underwriters at Lloyds of London, 1998 WL 373407 *2 (E.D. La., July
25 2, 1998 )(citations omitted).
26

Accordingly, at this point in the litigation, the Court finds no evidence demonstrating that the Complaint is redundant, immaterial, impertinent, or scandalous, or that its preservation will cause undue prejudice to Defendants.

**II. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Strike (#11) is **DENIED**.

DATED this 4th day of March, 2011.

_____
Kent J. Dawson
United States District Judge