UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WARRAN CHAN,<br><br>                    Plaintiff,<br><br>vs.<br><br>PAN WESTERN CORP, et al.,<br><br>                    Defendants. | Case No. 2:10-cv-01317-KJD-PAL<br><br>**ORDER**<br><br>(Mtn to Withdraw - Dkt. #31) |

      This matter is before the court on Matthew L. Johnson & Associates, P.C.'s Motion to Withdraw and for Entry of Final Judgment for Costs and Fees (Dkt. #31) filed July 6, 2011, and Plaintiff's Partial Opposition (Dkt. #33) filed July 20, 2011.

      The law firm requests permission to withdraw as counsel for Defendants Pan Western Corporation, Mitchell Truman, and Charles Ring, asserting that Defendants have failed to pay for legal services rendered. The law firm seeks to withdraw pursuant to Supreme Court Rule 46 and cites *Gordon v. Stewart,* 74 Nev. 115, 118 (1958), for the proposition that the trial court has jurisdiction to enter judgment in favor of the withdrawing attorney for outstanding fees. The motion, which is supported by the affidavit of Russell G. Gubler, asserts that Defendants have an outstanding balance due and owing in the amount of $13, 324.32.

      In response, Plaintiff asserts that although he does not oppose withdrawal, allowing withdrawal will delay these proceedings because discovery will be delayed by the appearance of new counsel, if any appear. Relying on *Argenta Consol. Mining Co. v. Jolley Urga Woodbury & Standish,* 216 P.3d 779 (Nev. 2009) and *Filmkraft Prods. India PVT Ltd. v. Spektrum Entmt.,* 2010 U.S. Dist. LEXIS 133330 (D. Nev. 2010), Plaintiff also asserts that the court lacks authority to enter judgment of fees and costs in favor of counsel. Specifically, Plaintiff asserts that the movant does not have an enforceable charging

lien, and the law firm should be required to bring a separate action against Defendants to recover its fees.

## DISCUSSION

The law firm cites former Nevada Supreme Court Rule 46 in support of the Motion to Withdraw.  However, as this matter is pending in federal court, the provisions of LR IA 10-6, which govern appearances, substitutions, and withdrawals of counsel in federal court applies.  LR IA 10-6(b) provides that an attorney may not withdraw after appearing in a case except by leave of court after notice is served on the affected client and opposing counsel.  Additionally, LR IA 10-6(d) provides that "[d]ischarge, withdrawal or substitution of an attorney shall not alone be reason for delay of pretrial proceedings, discovery, the trial, or any hearing int his case."  Finally, LR IA 10-6(e) provides:

> Except for good cause shown, no withdrawal or substitution shall be approved if delay of discovery, the trial or any hearing in the case would result.  Where delay would result, the papers seeking leave of court for the withdrawal or substitution must request specific relief from the scheduled trial or hearing.  If a trial setting has been made, an additional copy of the moving papers shall be provided to the clerk for immediate delivery to the assigned district judge, bankruptcy judge or magistrate judge.

*Id.*

The law firm relies on the 1958 Nevada Supreme Court case of *Gordon v. Stewart*, 74 Nev. 115 (1958), concluding that a trial court has authority to enter a judgment against a personal injury plaintiff who breached a contract for a contingent fee agreement.  The court finds this case inapposite.

In *Gordon*, the Nevada Supreme Court held that "the court in the action in which attorney's services were rendered has incidental jurisdiction to resolve disputes between a litigant and his attorney relative to the establishment of an attorney's lien." *Id.* at 118.  In that case, the client appealed an award of $2500 in attorney's fees entered as a judgment in favor of the attorney against the client.  The attorney and client entered into a contingency fee agreement providing the attorney would be entitled to recover a thirty-five percent contingency fee of any award received on the client/defendant's counterclaim.  The client prevailed on the counterclaim and was awarded damages of $10,025.32.  The attorney moved to withdraw, and the court fixed the amount of compensation the attorney was entitled to receive, finding the client had breached the employment contract, that the attorney was entitled to

repudiate the contract for legal services, and that the attorney was entitled to $2500 as a *quantum meruit* recovery.

"In Nevada, there are two types of liens an attorney may hold to ensure that clients pay their attorney's fees." *Figliuzzi v. Eight Judicial Dist. Court In and For County of Clark*, 890 P.2d 798, 801 (Nev. 1995). A "special or charging lien" is an attorney's lien "on the judgment or settlement the attorney has obtained for the client," whereas a "general or retaining lien [] entitles an attorney, if discharged by the client, to retain the client's papers, property or money until a court, at the request of the client, requires the attorney to deliver the retained items upon the client's furnishing of payment or security for the attorney's fees." *Id*.

Nevada Revised Statute ("N.R.S.") § 18.015 provides:

> 1. An attorney at law shall have a lien upon any claim, demand or cause of action, including any claim for unliquidated damages, which has been placed in his hands by a client for suit or collection, or upon which a suit or other action has been instituted. The lien is for the amount of any fee which has been agreed upon by the attorney and client. In the absence of an agreement, the lien is for a reasonable fee for the services which the attorney has rendered for the client on account of the suit, claim, demand or action.
>
> 2. An attorney perfects his lien by serving notice in writing, in person or by certified mail, return receipt requested, upon his client and upon the party against whom his client has a cause of action, claiming the lien and stating the interest which he has in any cause of action.
>
> 3. The lien attaches to any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action, from the time of service of the notices required by this section.
>
> 4. On motion filed by an attorney having a lien under this section, his client or any party who has been served with notice of the lien, the court shall, after 5 days' notice to all interested parties, adjudicate the rights of the attorney, client or other parties and enforce the lien.
>
> 5. Collection of attorney's fees by a lien under this section may be utilized with, after or independently of any other method of collection.

"The purpose of N.R.S. [§] 18.015 is to secure attorney fees and to 'encourag[e] attorneys to take cases of those who could not otherwise afford to litigate.'" *Bero-Wachs v. Law Office of Logar & Pulver*,

///

157 P.3d 704, 706-07 (Nev. 2007) (*quoting Muije v. A N. Las Vegas Cab Co.*, 799 P.2d 559, 561 (Nev. 1990)).

Here, the law firm requests that an attorneys lien in the amount of $13,324.32 be "confirmed" and reduced to judgment. Although this court has jurisdiction to adjudicate a fee dispute, the law firm does not have a valid claim to an attorney's charging lien. *See Curry v. Guam Mem'l Hosp. Auth.,* 941 F.2d 730, 731 (9th Cir. 1991) ("Courts have long recognized that fee disputes arising from litigation pending before a district court fall within that court's ancillary jurisdiction"). Under Nevada law, an attorney who has not obtained a settlement or judgment for the client may not use N.R.S. § 18.015 to enforce an attorney's lien. *Michel v. Eighth Judicial Dist. Court ex rel. County of Clark*, 17 P.3d 1003, 1005 (Nev. 2001) (*citing Figliuzzi*, 890 P.2d at 801). Similarly, an attorney who voluntarily withdraws from a case loses any claim to an attorney's lien. *Matter of Kaufman,* 567 P.2d 957, 960 (1977). Since the law firm seeks to withdraw as counsel of record for Defendants and has not obtained a judgment or settlement on their behalf, the firm's request to reduce it's attorney's lien to judgment is denied. However, denial of the law firm's request to confirm an attorneys lien and reduce it to judgment does not preclude it from obtaining payment from Defendants. "The attorney's right to be paid is not based upon, or limited to, his lien. It is based upon a contract, express or implied. The lien is but security for his right." *Sarman v. Goldwater, Taber and Hill*, 396 P.2d 847, 849 (1964), *overruled on other grounds by Argentena Consol. Min. Co. v. Jolley Urga Wirth Woodbury & Standish*, 216 P.3d 779 (Nev. 2009).

Accordingly,

**IT IS ORDERED** that:

1. Matthew L. Johnson & Associates, P.C.'s request to withdraw from representation of Defendants is GRANTED.
2. A corporation cannot appear except through counsel. *U.S. v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). Therefore, Pan Western Corporation shall have until **August 22, 2011,** in which to retain new counsel who shall file a notice of appearance in accordance with the Local Rules of Practice.

3. Defendants Mitchell Truman and Charles Ring shall have until **August 22, 2011,** in which to retain new counsel who shall file a notice of appearance in accordance with the Local Rules of Practice or to file a statement that she will be proceeding *pro se.*

4. Failure to comply with this order may result in a recommendation to the District Judge for sanctions, including case-dispositive sanctions.

5. The Clerk of Court shall serve a copy of this Order on Defendants at:

   Pan Western Corporation
   Mitchell Truman
   Charles Ring
   4910 Donovan Way, Suite A
   N. Las Vegas, NV 89081

6. Matthew L. Johnson & Associates, P.C.'s request to reduce its attorney's lien to judgment is DENIED.

Dated this 20th day of July, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

5