# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WARRAN CHAN,<br>                     Plaintiff,<br>vs.<br>PAN WESTERN CORP, et al.,<br>                     Defendants. | Case No. 2:10-cv-01317-KJD-PAL<br><br>**REPORT OF FINDINGS AND<br>RECOMMENDATION** |

This matter is before the court on Defendants Pan Western Corp.'s, Mitchell Truman's, and Charles Ring's failure to comply with this court's Order (Dkt. #34) and Order to Show Cause (Dkt. #37).

On July 21, 2011, the court granted attorney Matthew L. Johnson's motion to withdraw as counsel of record and gave Defendant Pan Western Corp. until August 22, 2011, in which to retain counsel. *See* Dkt. #34. The court allowed Defendants Truman and Ring until August 22, 2011, in which to either retain counsel or file a notice that they would appear *pro se*. The Order directed the Clerk of the Court to serve Defendants with a copy of the order at their last known addresses provided by its former counsel and advised Defendants that their failure to timely comply with the order "may result in a recommendation to the District Judge for sanctions, including case-dispositive sanctions." Defendants failed to either retain counsel and did not request an extension of time in which to comply with the court's Order.

On October 26, 2011, the court entered an Order to Show Cause (Dkt. #37) based on Defendants' failure to comply with the court's previous Order (Dkt. #34). The court directed Defendants to show cause in writing no later than November 7, 2011 why it had not complied with the court's Order (Dkt. #34). The Order to Show Cause again warned Defendants that failure to timely comply with the Order to Show Cause may result in the imposition of sanctions, up to and including entry of default judgment

against them. Defendants have failed to file a response to the Order to Show Cause (Dkt. #37), and they have not requested an extension of time in which to do so. Defendants' willful failure to comply with the court's Orders is an abusive litigation practice that has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice. Sanctions less drastic than default judgment unavailable because Defendants have wilfully refused to comply with multiple court Orders and the Local Rules of Practice.

Accordingly,

**IT IS RECOMMENDED** that default judgment be ENTERED against Defendants an Western Corp., Mitchell Truman, and Charles Ring unless they retain counsel who files a notice of appearance on or before **December 12, 2011.**

Dated this 16th day of November, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

### NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.